IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFREY P. VAILLANCOURT,**

   **Petitioner,**

v.        //   CIVIL ACTION NO. 1:09CV162
              (Judge Keeley)

**JOEL ZIEGLER, Warden,**

   **Respondent.**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION (DKT. 24) AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (DKT. 18)**

  The pro se petitioner Jeffrey P. Vaillancourt ("Vaillancourt") filed this action pursuant to 28 U.S.C. § 2241, contending that the Bureau of Prisons ("BOP") abused its discretion when it refused to consider relevant judicial findings in analyzing whether Vaillancourt was eligible for a sentence reduction under 18 U.S.C. § 3621(e)(granting BOP authority to reduce sentences for nonviolent offenders who complete drug treatment programs). Respondent Joel Ziegler, Warden, moved to dismiss the petition, or in the alternative for summary judgment, arguing, inter alia, that the BOP did not abuse its discretion in denying Vaillancourt the opportunity to pursue a sentence reduction.[1] United States

---

[1]For convenience, the Court refers to the arguments of the respondent as stating the position of the BOP.

**VAILLANCOURT v. ZIEGLER** 1:09CV162

## ORDER ADOPTING-IN-PART AND REJECTING-IN-PART REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Magistrate Judge David J. Joel entered a Report and Recommendation ("R&R") concluding that the BOP's motion should be granted.

Because genuine issues of material fact exist regarding the BOP's decision-making process in this case, the Court **REJECTS** the R&R to the extent that it recommends granting the BOP's motion. The Court **DENIES** the BOP's motion to dismiss, or in the alternative for summary judgment (dkt. 18) **WITHOUT PREJUDICE**. The Court **ADOPTS** the R&R in all other respects.

### I. FACTUAL BACKGROUND

**A. Vaillancourt's Conviction and Sentence**

On April 20, 2006, law enforcement officers in the Eastern District of Virginia arrested Vaillancourt and Sandra Benedetti ("Benedetti") in their apartment. During the arrest, officers recovered a firearm from the apartment of Robert Jones ("Jones"), who lived in a separate unit in the same building. Benedetti had purchased the gun and given it to Jones a year earlier; there is no evidence that Vaillancourt ever personally possessed the weapon. The Government subsequently secured an indictment charging Vaillancourt and Benedetti with conspiracy to distribute fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841 and 846.

**VAILLANCOURT v. ZIEGLER**                                          **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Subsequent to a guilty plea, the District Court for the Eastern District of Virginia sentenced Vaillancourt to one hundred and twenty one months of incarceration and five years of supervised release on July 28, 2006.[2] In determining Vaillancourt's sentence, the court applied a two-level enhancement under United States Sentencing Guidelines Manual § 2D1.1(b)(1) for possession of a firearm during the commission of the offense. The court apparently relied on a statement in Vaillancourt's Pre-Sentence Report ("PSR") that alleged "[t]he defendant possessed a firearm during the conspiracy." However, it is clear that the enhancement was applied because of Benedetti's alleged possession of the weapon, and because such possession would be a reasonably foreseeable act in connection with the drug conspiracy.

The sentencing court later determined that, in fact, there was no evidence Vaillancourt ever possessed the weapon, nor that Benedetti possessed it during the course of the conspiracy. Prior to Benedetti's sentencing, her attorney objected to the application of a § 2D1.1(b)(1) gun enhancement. At sentencing, the district court agreed. Specifically, the Court found "no indication that a

---

[2]Vaillancourt's term of incarceration was subsequently reduced to seventy-two months.

**VAILLANCOURT v. ZIEGLER**                                    **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

gun was presented to any undercover officer or confidential informant by Ms. Benedetti or Mr. Vaillancourt, for that matter, in connection with drug trafficking activity;" that "Mr. Jones [was] apparently not connected with drug trafficking activity," and that there was "no evidence . . . to support the connection of a gun being used in furtherance of drug trafficking activity." (Dkt. 1-2, 4.) The Court sustained Benedetti's objection and declined to apply the two-level enhancement.

**B. BOP's Denial of Sentence Reduction Eligibility**

On November 25, 2008, the BOP notified Vaillancourt that he would not be eligible for early release under 28 U.S.C. § 3621(e) because his offense of conviction included a weapons enhancement. Vaillancourt challenged this decision via a Request for Administrative Remedy filed on February 3, 2009. He cited the district court's finding, during Benedetti's sentencing, that neither defendant possessed a weapon during the conspiracy. J. Grondolsky, Warden of Federal Correctional Institution - Fort Dix ("Grondolsky"), responded on March 12, 2009, noting that the weapons enhancement remained on Vaillancourt's record in the PSR and that Vaillancourt's "sentencing transcript was reviewed, and the Judge did not state anything on the record to negate the two-

**VAILLANCOURT v. ZIEGLER**                                    **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

point level enhancement. Your co-defendant's sentence and sentencing transcript will not be considered[.]" (Dkt. 1-1, 3.) Grondolsky stated that, "in accordance with BOP Program Statement 51602.04,[3] Categorization of Offenses," Vaillancourt was ineligible for early release.

Vaillancourt properly appealed this decision and on April 21, 2009, D. Scott Dodrill, the BOP's Northeast Regional Director ("Dodrill"), affirmed Grondolsky's decision, again citing Vaillancourt's PSR and stating that "[t]he finding in your co-defendants (sic) case does not alter the facts in your PSR and J&C [judgment and commitment order]." Id. at 6. Dodrill stated that the BOP had categorically excluded from early release eligibility any inmate whose offense "involved the carrying, possession, or use of a firearm." Additionally, he stated that the decision of the Ninth Circuit Court of Appeals in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), which held the BOP's categorical exclusion invalid, did not apply to Vaillancourt because he was neither sentenced nor incarcerated within the jurisdiction of the Ninth Circuit.

---

[3]On March 16, 2009, the BOP issued Program Statement 51602.05, which rescinded and replaced Program Statement 51602.04. The new policy made no changes material to this case.

**VAILLANCOURT v. ZIEGLER**                                        **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Vaillancourt's final administrative appeal was rejected on August 4, 2009, by Harrell Watts, the BOP's Administrator for National Inmate Appeals ("Watts"). Watts did not mention Benedetti's sentencing transcript in his response, merely stating that "[t]he sentencing court's imposition of the enhancement for your current offense has not been modified or otherwise vacated[.]" (Dkt. 1-1, 8.) Having exhausted his administrative remedies, Vaillancourt filed this action pursuant to 28 U.S.C. § 2241.

## II. STANDARD OF REVIEW

### A. Report and Recommendation

The Court conducts a <u>de novo</u> review of those portions of the R&R to which Vaillancourt specifically objects. 28 U.S.C. § 636(b)(1). It may adopt without explanation, however, any portion of the R&R to which no objection is made. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

### B. Summary Judgment

Both Vaillancourt and the BOP submitted materials extraneous to the petition in this case. Accordingly, the BOP's motion is properly analyzed under Fed.R.Civ.P. 56 as a motion for summary judgment. Such a motion should be granted only where the moving party has met its burden to establish the non-existence of any

**VAILLANCOURT v. ZIEGLER**                                    **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

material facts, even when the court reviews the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

## C. The BOP's Decision-Making Process

The Court is mindful that it must not substitute its own judgment for that of the BOP at either the policy-making or administrative level. Instead, as Vaillancourt specifically requests, the Court reviews only whether the BOP properly considered Vaillancourt's application and appeals within the context of its own regulations and the guarantees of due process. It does not purport to question either the wisdom of the BOP's policies or the BOP's ultimate decision to deny Vaillancourt early release eligibility.[4]

Under 18 U.S.C. § 3261(e)(2)(B), an inmate's term of imprisonment "may be reduced by the Bureau of Prisons" (emphasis added). The decision to reduce, or not to reduce, an inmate's sentence is thus within the discretion of the BOP, and the Court

---

[4]Additionally, Vaillancourt notes that he does not challenge, in this action, the legality of his sentence based on an apparently unsupported weapons enhancement. In any event, such a challenge would properly be brought before the sentencing court in a motion pursuant to 28 U.S.C. § 2255.

**VAILLANCOURT v. ZIEGLER**                                  **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

will not overturn that decision unless such discretion was abused. See Lopez v. Davis, 531 U.S. 230, 238-39 (2001).

## IV. ANALYSIS

### A. The Court Possesses Jurisdiction to Hear This Case.

The BOP filed no objections to the R&R. Accordingly, the Court adopts the Magistrate Judge's conclusions that Vaillancourt's claims are ripe, not moot, and not barred under 18 U.S.C. § 3625.

### B. The BOP's Regulation Was a Proper Exercise of Discretion.

This Court has previously declined to adopt the holding in Arrington. See Snipe v. Department of Justice, 2008 WL 5412868, Civil Action No. 3:08CV22(N.D.W. Va., Dec. 23 2008), aff'd, Snipe v. Phillips, 367 F.Appx. 471 (4th Cir., Feb. 23, 2010)(per curiam). It again declines to do so here and, accordingly, rejects Vaillancourt's challenge to the BOP's categorical exclusion from early release eligibility of inmates whose current offense "involved the carrying, possession, or use of a firearm." 28 C.F.R. § 550.55(b)(5)(ii). "The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Lopez, 531 U.S. at 244.

8

**VAILLANCOURT v. ZIEGLER**                                              **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

**C. The BOP Fails to Show that it Properly Considered This Case.**

Vaillancourt strenuously contends that his offense did not, in fact, involve a firearm. He argues that Lopez stands for the proposition that the BOP may exclude from consideration offenders whose offense involved a firearm. It did not, he argues, hold that the BOP could categorically exclude any offender whose PSR indicated a weapons enhancement.

The Court agrees. In this case, BOP officials at all three levels of the administrative process failed to explain their decision either not to consider or to discount the factual finding of the sentencing judge that neither Vaillancourt nor his co-conspirator possessed a weapon in connection with their drug dealing activity. Initially, Grondolsky simply refused to consider Benedetti's sentencing transcript. Dodrill may or may not have considered the document, but stated that its findings "do[] not alter the facts in [Vaillancourt's] PSR and J&C."

On the contrary, the findings at Benedetti's sentencing clearly contradict the facts set forth in Vaillancourt's PSR. Vaillancourt's PSR stated that "[t]he defendant possessed a firearm during the conspiracy." Apparently, this statement is inaccurate, unless the probation officer meant that Vaillancourt constructively

9

**VAILLANCOURT v. ZIEGLER**                                    **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

possessed the weapon or should be held responsible for it due to Benedetti's actual possession. In any event, the sentencing court ultimately found that neither defendant possessed the weapon in connection with the offense.

At the final level of appeal, Watts gave no reason for disregarding the sentencing court's findings. Instead, as with the two prior responses, he noted that Vaillancourt had been sentenced based on a two-level gun enhancement which had not been removed.

In most cases, a review of the PSR and J&C may be sufficient to determine whether an inmate's offense involved a firearm. The BOP need not independently investigate the facts of each offense, searching for reasons that the gun enhancement might not reflect the inmate's actual conduct. But where the inmate presents clear evidence that the PSR is inaccurate, the BOP is under an obligation to consider those facts, or, at a minimum, to explain its decision to ignore the contradictory evidence.

In this case, the BOP may have carefully weighed the district court's finding that Vaillancourt did not possess a weapon against the fact that his PSR states that he did. However, it did not explain any such deliberation during the administrative appeal process, nor does it do so in support of its motion for summary

**VAILLANCOURT v. ZIEGLER**                                          **1:09CV162**

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

judgment. In the light most favorable to Vaillancourt, the BOP simply refused to acknowledge the district court's explicit finding that he never possessed a firearm in connection with his offense. If it did so, it abused its discretion under § 3261(e)(2)(B).

### V. CONCLUSION

For the reasons stated above, the Court **ADOPTS-IN-PART** and **REJECTS-IN-PART** the R&R (dkt. 24). It **ADOPTS** the conclusion that Vaillancourt's claims are ripe, not moot, and not barred by 18 U.S.C. § 3625, and **REJECTS** the recommendation that the BOP's motion to dismiss, or in the alternative for summary judgment, be granted. It therefore **DENIES** the motion (dkt. 18) **WITHOUT PREJUDICE.**

The Court notes that Vaillancourt's projected release date from BOP custody is July 23, 2011. Thus, even were he to prevail in this action, and the Court directed the BOP to reconsider its decision to deny him early release eligibility, and, further, were the BOP to grant him such eligibility, Vaillancourt could not receive the maximum one-year sentence reduction under § 3261(e)(2)(B). Nevertheless, to maximize any potential relief, the Court directs the BOP and Vaillancourt to submit any further motions for summary judgment by **September 16, 2010.** Any responses

**VAILLANCOURT v. ZIEGLER**                                    1:09CV162

**ORDER ADOPTING-IN-PART AND REJECTING-IN-PART
REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

shall be filed by **September 24, 2010.** No replies shall be filed. In the alternative, should the BOP reconsider its decision to deny Vaillancourt early release eligibility, it should inform the Court promptly and state whether such action renders Vaillancourt's claims moot.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record, to the pro se prisoner via certified mail, return receipt requested, and to all appropriate agencies.

DATED: August 16, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE