IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFREY P. VAILLANCOURT,**

        Petitioner,

v. // CIVIL ACTION NO. 1:09CV162
                                  (Judge Keeley)

**JOEL ZIEGLER, Warden,**

        Respondent.

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

In his complaint filed pursuant to 28 U.S.C. § 2241, the pro se petitioner, Jeffrey P. Vaillancourt ("Vaillancourt"), contends that, the Bureau of Prisons ("BOP") wrongfully denied him the opportunity to receive a reduction in his term of incarceration by completing its Residential Drug Abuse Prevention program ("RDAP").

The Court previously denied without prejudice a motion for summary judgment filed by Joel Ziegler, Warden, the respondent, after finding that a genuine question of material fact existed as to the BOP's decisionmaking process in Vaillancourt's case. (Dkt. 27)("August 16 Order"). Specifically, the Court questioned whether the BOP had properly considered Vaillancourt's contention that neither he nor his co-conspirator possessed a weapon in connection with the offense of conviction. Because the BOP's Second Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

**VAILLANCOURT v. ZIEGLER**                                    **1:09CV162**

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

establishes that it has now considered this argument, the Court **GRANTS** the motion (dkt. 32), **DENIES** Vaillancourt's Motion for Summary Judgment (dkt. 29), and **DISMISSES** this case **WITH PREJUDICE**.

## I. RDAP EARLY RELEASE ELIGIBILITY

Under 18 U.S.C. § 3621(e), inmates who complete RDAP and meet certain other qualifications may, at the BOP's discretion, receive a reduction in sentence of up to one year. Because the sentence reduction option is statutorily limited to nonviolent offenders, however, the BOP has exercised its discretion and categorically denied early release eligibility to inmates whose offense involved the possession or use of a firearm. BOP Program Statement 51602.04. The Supreme Court upheld an earlier version of this regulation in Lopez v. Davis, 531 U.S. 230, 238-39 (2001).

Although the Court of Appeals for the Ninth Circuit has repeatedly rejected the categorical exclusion on a variety of grounds, most recently in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), the Fourth Circuit has declined to adopt that position. At least one panel of the Fourth Circuit, in an unpublished decision, has concluded that Lopez compels a decision that the BOP's regulation is a proper exercise of agency discretion. Snipe

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

v. Phillips, 367 F.Appx. 471 (4th Cir., Feb. 23, 2010)(unpublished).

## II. VAILLANCOURT'S CONVICTION AND SENTENCE

The details of Vaillancourt's underlying criminal conviction are discussed more fully in the Court's August 16 Order. Briefly, however, for purposes of this Order, the facts include that Vaillancourt and a co-defendant were convicted of a drug trafficking offense in the District of Maryland and sentenced in 2006. In the Statement of Reasons accompanying Vaillancourt's Judgment and Commitment Order ("J&C"), the sentencing court applied a two-level enhancement under the United States Sentencing Guidelines for use, possession, or involvement of a firearm in connection with his offense. This enhancement was based on a stipulation by Vaillancourt and the government to the fact that the enhancement should apply in his case.

Later, at the sentencing hearing for Vaillancourt's co-defendant, a different sentencing court[1] specifically found that

---

[1]The BOP notes this distinction for the first time in the pending second motion for summary judgment, and contends that this renders Vaillancourt's statement that he and his co-defendant "appeared in the same court for sentencing" inaccurate. To the

3

**VAILLANCOURT v. ZIEGLER**                                              **1:09CV162**

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

there was no evidence that either defendant ever possessed a firearm in connection with the offense.[2] Accordingly, Vaillancourt's co-defendant did not receive a weapons enhancement.

### III. BOP'S NEW RATIONALE FOR DENYING EARLY RELEASE ELIGIBILITY

In its pending second motion for summary judgment,[3] the BOP does not seek to further explain its initial denial of early release eligibility at all three levels of the administrative grievance procedure. Instead, it reasons that to accept the finding made during Vaillancourt's co-defendant's sentencing and disregard the sentence enhancement that appears in the Statement of Reasons in Vaillancourt's Judgment and Commitment would be an abuse of discretion itself, because to do so would disregard the sentence

---

contrary, both defendants did appear in the same court. That different judges sentenced each may be relevant, but the finding that Vaillancourt did not possess a firearm does appear on the record of his criminal case.

[2]During the sentencing of Vaillancourt's co-defendant, the determined that the firearm in question had been purchased by the co-defendant several months before the search of the house in which she and Vaillancourt lived. The co-defendant then gave the weapon to an individual residing in a separate apartment in the same building, where it was eventually seized.

[3]Because the Court has considered materials extraneous to the pleadings in this case, it treats the motion as one for summary judgment rather than a motion to dismiss.

**VAILLANCOURT v. ZIEGLER**                                          1:09CV162

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

actually imposed by the judge in Vaillancourt's case. Further, the BOP argues that, because Vaillancourt could not complete the RDAP program in time to receive any sentence reduction before his current projected release date, his petition is now moot and should be dismissed.

## IV. ANALYSIS

### A. Summary

Vaillancourt's claims are not moot, for the due process violation alleged here is an exemplar of the type of governmental misconduct capable of repetition but evading review. See Roe v. Wade, 410 U.S. 113 (1973). Additionally, Vaillancourt could theoretically benefit from a finding that the BOP's decision was erroneous.

The Court further finds that, although the BOP's initial decisionmaking process, or at least its explanation, left much to be desired, the BOP has now demonstrated that it duly considered the arguments advanced by Vaillancourt. Essentially, the BOP has granted the relief Vaillancourt seeks - reconsideration of early release eligibility.

**VAILLANCOURT v. ZIEGLER**                                          **1:09CV162**

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

Although reasonable minds could differ as to the BOP's ultimate decision, it is outside of the scope of this Court's authority to second-guess the judgment of the agency charged with interpretation and implementation of congressional directives. Thus, the Court finds that the BOP has now properly exercised its discretion under 18 U.S.C. § 3621(e) and dismisses this petition with prejudice.

### B. Vaillancourt's claims are not moot.

The BOP urges the Court to find that no "case or controversy" exists in this case because Vaillancourt could not possibly benefit from any finding of early release eligibility. It states that his projected release date is July 23, 2011, before which time he could not complete the RDAP program in its entirety and thus be eligible for a sentence reduction. Vaillancourt responds that his "statutory release date," the point in time when he would complete his sentence in full if not awarded any reduction for good behavior, is not until April 12, 2012. He contends that, if denied some or all good conduct time, he could theoretically complete the RDAP program in time to benefit from the early release provisions.

**VAILLANCOURT v. ZIEGLER**                                              **1:09CV162**

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

To hold that Vaillancourt's complaint is moot would require a finding that there is no possibility he could gain any meaningful relief from a favorable ruling. Here, Vaillancourt could potentially benefit should he be denied good conduct time. He also correctly points out that several courts have held that a favorable ruling on early release eligibility, even if not secured in time to actually result in a reduction of sentence, can be relevant in a later motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). E.g., U.S. v. Williams, 4 F.3d 988 (4th Cir. 1993)(unpublished).

Furthermore, even if Vaillancourt's claims arguably are moot, the Court would hesitate to dismiss the action in this context. By their nature, disputes over early release eligibility arise near the end of an inmate's term of incarceration. Dismissing such claims as moot creates a perverse incentive for the BOP to deny, delay and defend any review of early release eligibility, and thereby frustrate inmates' access to justice.

In this case, the BOP initially denied Vaillancourt early release eligibility on November 25, 2008. He appealed this determination on February 3, 2009. The BOP, at three different

7

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

administrative levels, denied that appeal on March 12, 2009, April 21, 2009, and finally on August 4, 2009. Vaillancourt alleges in his petition that he did not receive this final ruling until November, 2009. Having exhausted his administrative remedies, he filed this habeas action on December 9, 2009. Thus, as he states, the administrative process alone has consumed nearly one year.

After filing its customary motion for extension of time to answer, the BOP moved to dismiss Vaillancourt's petition on February 11, 2010. The Magistrate Judge entered a Report and Recommendation on March 15, 2010, recommending that Vaillancourt's claim be denied. Vaillancourt filed timely objections, but the Court did not rule on the Report and Recommendation until August 16, 2010, at which time it denied the BOP's motion to dismiss or for summary judgment without prejudice, and directed that the parties resubmit any dispositive motions. Both Vaillancourt and the BOP did so, and the matter is again ripe for the Court's consideration.

Vaillancourt's claim thus has taken over two years to adjudicate. If, as he claims, he did not actually receive his final administrative denial until November, 2009, none of that delay is

**VAILLANCOURT v. ZIEGLER** 1:09CV162

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

attributable to him. Unfortunately for inmates, such a length of time for this type of claim to work its way through the BOP and the courts is not unusual.

### C. The Court cannot overturn the BOP's exercise of discretion.

In the context of this case, the Court is constrained to ensure only that the BOP has not acted in an arbitrary and capricious manner. From the BOP's latest response, it is clear that Vaillancourt has received what he sought - an individualized assessment of his case and an explanation of the BOP's decision.

The BOP explains that it is faced with contradictory documents in Vaillancourt's file. While the statements made by the judge who sentenced his co-defendant make it appear that Vaillancourt never possessed a weapon and should not be held accountable for it, Vaillancourt's J&C, signed by the judge who actually sentenced him, clearly states that an enhancement for use or possession of a firearm was warranted, indeed was agreed to by the parties. The BOP states that to ignore this fact would contradict its policy of giving effect to the sentence imposed in each inmate's case.

Such a rationale is reasonable. There is an articulable basis for the BOP's decision and it has adequately explained its

**VAILLANCOURT v. ZIEGLER** 1:09CV162

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR SUMMARY JUDGMENT (DKT. 29) GRANTING
RESPONDENT'S SECOND MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
(DKT. 32) AND DISMISSING CASE WITH PREJUDICE**

reasoning. As the BOP has pointed out, Vaillancourt's best remedy would have been to file a § 2255 motion with the court that sentenced him to correct what may have been an oversight by that court, his attorney, and the probation office. Unfortunately, this Court is without power to correct that particular problem.

## CONCLUSION

For the reasons stated, the Court **GRANTS** the Second Motion to Dismiss, or in the Alternative for Summary Judgment (dkt. 32), **DENIES** Vaillancourt's Motion for Summary Judgment (dkt. 29), and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to prepare a separate judgment order, strike this case from the active docket, and transmit copies of this Memorandum Opinion and Order to counsel of record and all appropriate agencies, and to the pro se petitioner via certified mail, return receipt requested.

DATED: December 20, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
